IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EVIN KING, | : | CASE NO. 1:14cv1335 |
| | : | |
| Petitioner, | : | JUDGE PEARSON |
| | : | |
| v. | : | MAGISTRATE JUDGE BAUGHMAN |
| | : | |
| FRANCISCO PINEDA, Warden | : | |
| | : | |
| Respondent. | : | |

**RESPONDENT'S MOTION TO LIFT STAY AND DISMISS PETITION**

Petitioner Evin King (hereinafter "King") has brought this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. During this past week, the state trial court granted the State's unopposed motion and vacated King's conviction. Because the conviction King challenges in his federal habeas corpus petition has been vacated and he is no longer incarcerated, this federal habeas Court no longer has jurisdiction over his habeas corpus petition and the petition is moot. See 28 U.S.C. § 2254(a). Accordingly, Respondent moves the Court to lift the stay and dismiss the petition. The reasons are stated with more particularity in the attached memorandum.

                                                                                                          Respectfully submitted,

                                                                                                           MICHAEL DEWINE
                                                                                                           Ohio Attorney General

                                                                                                           s\Mary Anne Reese
                                                                                                           MARY ANNE REESE (0044029)
                                                                                                           Assistant Attorney General
                                                                                                           Criminal Justice Section
                                                                                                           441 Vine Street, Suite 1600

Cincinnati, OH 45202
Phone: (513) 852-1525
Fax: (866) 769-6887
mary.anne.reese@ohioattorneygeneral.gov
Counsel for Respondent

**MEMORANDUM**

### I. Introduction

Petitioner Evin King (hereinafter "King") has brought this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At the time he filed the petition, King was state prisoner # A302-804 at Grafton Correctional Institution in Grafton, Ohio. Respondent was the Warden at that institution. King was serving a term of fifteen-years-to-life for the June 1994 murder of his girlfriend.

This past week, on April 19, 2017, the trial court granted the State's unopposed motion and vacated King's conviction. See Exhibits 1 (State's Motion), 2 (Entry), and 3 (Entry) attached hereto. He was released from incarceration and a future pre-trial hearing was set for July 19, 2017. *Id.*

Because the conviction King was challenging in his federal habeas corpus petition was vacated, and because King is no longer in the custody of the Ohio Department of Rehabilitation and Correction but has been released with bond set, this federal habeas Court no longer has jurisdiction of his habeas corpus petition. 28 U.S.C. § 2254(a). Accordingly, Respondent moves that the stay be lifted and that the case be dismissed.

## II.     Abbreviated Procedural History

### A.  Facts

King was convicted in 1995 of murdering his girlfriend. The victim's body was found June 22, 1994—she had been strangled, beaten, and put in a closet in her apartment. Her mother had last seen her the day before. When police found the victim, they found no sign of forced entry to the apartment and no sign of a struggle within the apartment. They found King there, and he had spent the night in the apartment, notwithstanding a powerful odor emitted from the victim's body that he did not notice.

An autopsy performed June 23, 1994, revealed sperm to be within the victim's body. The sperm did not match King's DNA profile. Based on the number and intactness of the sperm, an expert testified based on knowledge available in the scientific community at the time that it would be reasonable to believe that the sperm had been deposited within two or three days prior to the victim's death. The State's theory at trial was that the sperm was deposited during consensual sex with someone other than King, and that it had occurred days before the murder. Based on the scientific evidence, on King's presence in the apartment despite the odor, and on statements King made that proved inconsistent with other evidence, a jury found him guilty.

### B.  Further Litigation and Stay of Federal Action

King continued to litigate after his conviction. In 2009, scrapings from the victim's fingernails (which were not previously capable of being tested), were submitted for DNA testing. The DNA profile from the scrapings was found to match the profile from the sperm (which, again, did not match King's profile).

On June 19, 2014, King through counsel filed the instant federal habeas corpus petition in this Court. (ECF No. 1). Respondent moved to dismiss the petition because King had failed to

exhaust certain of his claims in the state courts. (ECF No. 8).

King moved to stay the proceedings pending exhaustion of his state court remedies. (ECF No. 11). Respondent opposed the motion arguing that, although this was a "mixed petition," King did not meet the requirements for a stay under *Rhines v. Weber,* 544 U.S. 269 (2005). (ECF Nos. 8, 24). This Court on March 5, 2015, stayed and abated the federal habeas corpus proceedings pending the outcome of King's state court action. (ECF No. 29).

### C. State Court Proceedings Vacating Conviction and Sentence

In January 2017, the Ohio Court of Appeals (Eighth District) in a 2-1 decision declined to apply res judicata to King's claims, reversed the trial court's[1] denial of his petition for post-conviction relief, and ordered, inter alia, that the trial court hold a hearing on his post-conviction claims. See *State v. King*, Nos. 103947, 103948, 103949, 2017-Ohio-181, 2017 WL 242059 (Ohio App. Jan. 19, 2017).

Thereafter, assistant prosecutors met with staff from the county medical examiner's office. The State then filed an unopposed motion to vacate the conviction on April 17, 2017. (Exhibit 1, Motion). In the motion, the State summarized its theory of the case at the 1995 trial, including the expert testimony based on scientific knowledge available at the time that "it would be reasonable to believe that the sperm was deposited [within the victim] 'within two or three days prior to her death.' (Tr. 460)." (Exhibit 1, p. 1). In its motion, the State went on to say: "The State's theory of the case presented at trial was that the sperm was deposited during consensual acts that occurred days before Hudson's murder." *Id*.

The State in its motion then went on to discuss knowledge gained at the medical

---

[1] The case in the trial court was *State of Ohio v. Evin King*, Cuyahoga CCP No. CR-94-312576-ZA.

examiner's office regarding the reliability of the State's earlier theory. First, prosecutors said that they learned that the unknown profile of the sperm source was uploaded to CODIS (the DNA database) and has not matched any profiles currently in CODIS. *Id*. at 2. Second, prosecutors learned that sperm breaks down after death in a different way than previously thought at the time of trial. An expert updated them on the current state of scientific knowledge and offered the conclusion "that it would be more reasonable to believe that the sex act occurred contemporaneously with [the victim's] death." *Id*.

Therefore, the State concluded its motion by saying:

> Based on the foregoing, the Cuyahoga County Prosecutor no longer has confidence in the State's theory as it was presented at King's trial or in the guilty verdict that was rendered in his case. Accordingly, the State of Ohio asks this Court to vacate King's conviction, order him immediately transported to the Cuyahoga County Jail, and provide him reasonable bail. The State intends to diligently pursue additional investigation and testing in this matter. The undersigned assistants have spoken with King's defense counsel who indicated the defense's support of the State's motion.

*Id.*

The trial court on April 19, 2017, granted the State's unopposed motion to vacate the conviction. (Exhibit 2). The court further granted King's unopposed motion to immediately release him from incarceration. (Exhibit 3). The court set bond at $5,000, ordered a bond term of supervised release, and ordered King released. *Id*. A pretrial hearing is set in July 2017. *Id*.

### III. Law and Argument: This Court should lift the stay and dismiss this case for lack of jurisdiction.

This Court should lift the stay and dismiss this federal habeas corpus case for lack of jurisdiction. Because the trial court vacated the conviction King challenges, the case is moot.

In *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. Mar. 9, 2009), the Sixth Circuit explained the federal constitution's "case or controversy" requirement as follows:

5

>The Constitution's case or controversy requirement confines the jurisdiction of the courts to "real and substantial controvers [ies] admitting of specific relief through a decree of a conclusive character...." *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) (citation omitted). Accordingly, this Court lacks jurisdiction to consider any case or issue that has "lost its character as a present, live controversy" and thereby becomes moot. *Hall v. Beals*, 396 U.S. 45, 48, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969). Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy, mootness is a jurisdictional question. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). This Court reviews jurisdictional issues de novo. *United States v. Gabrion*, 517 F.3d 839, 844 (6th Cir.2008).
>
>"'Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Int'l Union v. Dana Corp.*, 697 F.2d 718, 720–21 (6th Cir.1983) (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis*, 494 U.S. at 477–78, 110 S.Ct. 1249. If "events occur during the pendency of a litigation which render the court unable to grant the requested relief," the case becomes moot and thus falls outside our jurisdiction. *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir.2002) (internal citations and quotation marks omitted).

King's conviction was vacated and he was released from incarceration. Accordingly, his habeas corpus petition is now moot and this Court lacks jurisdiction to adjudicate it. In *Nouri v. McQuiggin*, 535 Fed. Appx. 513 (Mem). 514 (6th Cir. Oct. 18, 2013), the Sixth Circuit said: "The district court properly dismissed Nouri's second habeas petition as moot because it challenged only his criminal sexual conduct convictions, which had been vacated and dismissed. See *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir.2009)."

Similarly, based on statutory requirements, this Court dismissed as moot the claim in a federal habeas petition challenging a vacated conviction. See *Pruitt v. Wilson*, No. 1:06cv3048, 2008 WL 5378341 at *2 (N.D. Ohio Dec. 19, 2008). Further, in *Burton v. Stewart*, 549 U.S. 147, 156, 127 S. Ct. 793, 166 L. Ed. 2d 628, 26 A.L.R. Fed. 2d 675 (2007), the Court said, "Final

6

judgment in a criminal case means sentence. The sentence is the judgment." See also *Reber v. Steele*, 570 F.3d 1206, 1209-10 & n.1 (10th Cir.) (federal habeas court lacked jurisdiction where state had not yet imposed sentence).

In this case, the state court has vacated King's conviction and released him from custody. The claims in his federal habeas corpus petition are therefore moot and this Court lacks jurisdiction to adjudicate the petition. The case should be dismissed.

## IV. Conclusion

For the foregoing reasons, the stay in this case should be lifted and this case should be dismissed.

 

Respectfully submitted,

MICHAEL DEWINE
Ohio Attorney General

s\Mary Anne Reese
MARY ANNE REESE (0044029)
Assistant Attorney General
Criminal Justice Section
441 Vine Street, Suite 1600
Cincinnati, OH 45202
Phone: (513) 852-1525
Fax: (866) 769-6887
mary.anne.reese@ohioattorneygeneral.gov
Counsel for Respondent

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of April, 2017, a copy of the foregoing *Respondent's Motion to Lift Stay and Dismiss Petition* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s\Mary Anne Reese
MARY ANNE REESE (0044029)
Assistant Attorney General
